IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-079-Z |
| | § | |
| JANET YELLEN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is *amici curiae* Chamber of Commerce of the United States of America and National Federation of Independent Business Small Business Legal Center's Application for Admission *Pro Hac Vice* (ECF No. 24) filed on August 20, 2021. Paul D. Clement is an attorney licensed to practice in the District of Columbia. Mr. Clement represented to the Court that he has read *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc), and the Local Civil Rules for the Northern District of Texas and will comply with the standards set forth in *Dondi* and the Local Rules.[1] After considering such pleadings, the Court finds that *amici's* Application for Admission *Pro Hac Vice* (ECF No. 24) should be and is hereby **GRANTED.** The Court **ORDERS** that Paul D. Clement may represent *amici* in this matter, subject to further order of the Court.

**SO ORDERED.**

August 23, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[1] Northern District of Texas Local Rule 83.10(a) requires local counsel to reside or maintain the attorney's principal office in this district, *and* the attorney's residence or principal office must be located within 50 miles of the courthouse in the division in which the case is pending. Mr. Clement did not designate an appropriate local counsel his Application. But because counsel is appearing on behalf of *amici curiae* and local counsel will not add value to this case, the Court uses its discretionary power under Local Rule 83.1 to dispense with the local counsel requirement.